## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

DAVID TOM, individually and on
behalf of all others similarly situated,

     Plaintiff,

                                Case No. 8:24-cv-1320-SDM-SPF

v.

FORBES & YORK INSURANCE LLC
D/B/A MEDADVANTAGE PARTNERS
and THE ASSURANCE PIVOT, LLC
D/B/A SKYBRIDGE LEADS,

     Defendants.

_____/

## DEFENDANT FORBES & YORK INSURANCE LLC
## d/b/a MEDADVANTAGE PARTNERS'
## AMENDED MOTION TO DISMISS COMPLAINT

Defendant Forbes & York Insurance LLC d/b/a MedAdvantage Partners

("Forbes"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

moves to dismiss the complaint brought by plaintiff David Tom ("Tom") seeking

relief against Forbes under the Telephone Consumer Protection Act, 47 U.S.C §

227 ("TCPA") and Florida's Telephone Solicitation Act, § 501.059, Fla. Stat. (the

"FTSA").[1] Dismissal is required because the complaint fails to state any valid

---

[1] When this litigation was in the United States District Court for the District of Colorado, Forbes
filed a motion to dismiss that included arguments based on lack of personal jurisdiction and
improper venue in addition to the substantive 12(b)(6) argument that is the subject of this
amended motion. (ECF No. 10). Tom proposed that the case be transferred to this District, which
Forbes did not oppose. (ECF No. 11). This transfer rendered moot Forbes' jurisdictional and

cause of action against Forbes under Rule 12(b)(6) as it fails to sufficiently allege that Forbes was responsible for the alleged violative phone calls that underpin both causes of action against it, requiring dismissal of Tom's complaint without prejudice.

## INTRODUCTION

Tom has sued Forbes and co-defendant The Assurance Pivot, LLC d/b/a Skybridges Leads ("Assurance") under the TCPA and FTSA based on an unidentified number of phone calls in March of 2024 from unknown callers to two numbers that Tom had placed on the National Do Not Call Registry (the "DNCR"), followed by a single phone call to a number that Tom had specifically provided to receive solicitations. Even taking its allegations as true for purposes of this motion only, Tom's complaint completely fails to allege non-conclusory facts to affirmatively identify Forbes or any agent of Forbes as the entity placing the alleged violative phone calls in March of 2024. There is no direct connection alleged between the first group of unidentified callers and the single legal phone call claimed to have been made by Forbes through Assurance, an alleged third-party servicer of Forbes. As a result, Tom had failed to state a claim that Forbes has violated the TCPA or the FTSA as a matter of law, and the complaint should be dismissed.

---

venue arguments, and so Forbes files this amended motion containing only the Rule 12(b)(6) argument, and updated to contain Florida law instead of Colorado law.

## STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1243 (11th Cir. 2016), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although this standard "does not require detailed factual allegations, … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citation omitted). While the court must accept well-pled factual allegations as true, the pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Weinacker v. Wahl Clipper Corp.*, 2024 U.S. App. LEXIS 13069, at *2 (11th Cir. May 31, 2024), quoting *Twombly*, 550 U.S. at 555. "[U]nwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). "[A] complaint [does not] suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

## ARGUMENT

Tom's complaint must be dismissed for failing to state a claim against Forbes under either the TCPA or the FTSA. The theories of liability asserted by Tom under both statutes require that Forbes or its agent was the entity that placed the calls to phone numbers on the DNCR (for the TCPA, *see* 47 U.S.C. § 227(c)(5)) or that made automated telephonic sales calls to Tom without his express written consent (for the FTSA, *see* § 501.059(8)(a), Flat. Stat.).

Taking the well-pled factual allegations of Tom's complaint as true for purposes of this motion only, Tom voluntarily provided a phone number of his "that was not on the Do Not Call Registry, (321) 3XX-XXXX." *See* Compl. ¶ 35 (hereinafter, the "Authorized Number"). Afterwards, Tom "received a call on March 14, 2024" placed to the Authorized Number allegedly originating from Forbes or its alleged agent, Assurance. *See* Compl. ¶¶ 36-37 (hereinafter, the "Authorized Call"). However, since this phone call was neither made to a number on the DNCR nor was an automated call, liability under either the TCPA or the FTSA cannot attach based on the Authorized Call. Instead, Tom's causes of action depend entirely on connecting the Authorized Call to the automated calls placed earlier that month to two other phone numbers belonging to Tom that were on the DNCR (hereinafter, the "Unauthorized Calls" and "Unauthorized Numbers", respectively). Thus, it was incumbent on Tom to plead sufficient facts

4

demonstrating that Forbes was responsible for the Unauthorized Calls, and not just the Authorized Call.

This, however, Tom has failed to do. Tom alleges that he received "multiple calls" to the Unauthorized Numbers "throughout March of 2024" that pitched him "Medicare health plans." *See* Compl. ¶ 29. These automated calls were allegedly made using "various illegally 'spoofed' called IDs" and the message in these calls "stated that they were calling from unrecognizable, generic names." *See* Compl. ¶¶ 29, 33. Therefore, Tom is unable to allege from whom these "multiple" calls were made, and he pointedly does not do so.

Then, ostensibly to "identify the caller" who placed the Unauthorized Calls, Tom alleges that he "provided" the Authorized Number. *See* Compl. ¶ 35. Critically, however, the complaint does not allege that the party or entity to whom the Authorized Number was provided was the same party or entity that had made the earlier Unauthorized Calls. There is no date provided for this key phone call, no description of the method by which he "provided" the Authorized Number, and no allegation that the person to whom he "provided" the Authorized Number was the same person making the calls to the Unauthorized Numbers. In other words, Tom fails to allege any facts at all that would connect the Unauthorized Calls to the Authorized Call that subsequently occurred. Without this critical factual link, there

5

is simply no basis to connect Forbes to the earlier phone calls, which is the sole alleged ground for liability.

Perhaps recognizing the lack of any factual connection between the Unauthorized Calls and the subsequent Authorized Call, Tom alleges that a "subsequent investigation by counsel" who was purportedly "informed by a confidential third-party informant" revealed that Forbes "hired Assurance" and "placed the illegal calls at issue." *See* Compl. ¶ 47. However, this dubious allegation consists of nothing more than rank speculation and should not be considered or countenanced by this Court.[2]

Tom does not describe the steps purportedly taken by his counsel to investigate this claim, the identity of the so-called "confidential informant," how this nameless individual came into knowledge about the phone calls, or any of the

---

[2] David Tom is a professional TCPA plaintiff, and therefore should be well aware that such allegations are insufficient to state his favorite claim. In addition to the instant lawsuit, Forbes has been able to locate these additional TCPA complaints filed by Tom: *Tom v. 7th Ace LLC*, Case No. 6:24-cv-00761-JSS-DCI (M.D. Fla.); *Tom v. Lead Genesis Partners, LLC*, Case No. 6:24-cv-00417 (M.D. Fla.); *Tom v. Kloze Mortgage Corp.*, Case No. 6:22-cv-2218-PGB-EJK (M.D. Fla.); *Tom v. Atl. Partners Realty Brevard, LLC*, Case No. 6:22-cv-2217-PGB-LHP (M.D. Fla.); *Tom v. Transp. Media, Inc.*, Case No. 1:22-cv-1296-RP (W.D. Tex.); *Tom v. David & Lisa Entrps., Inc.*, Case No. 05-2023-CC-049832 (Florida Brevard County Court, 18th Judicial Circuit); *Tom v. RJM Homes, LLC*, Case No. 05-2023-CC-027315 (Florida Brevard Circuit Court, 18th Judicial Circuit); *Tom v. Lape*, Case No. 05-2023-CC-027308 (Florida Brevard County Court, 18th Judicial Circuit); *Tom v. Sunshine Props. Investors LLC*, Case No. 05-2023-CC-022342 (Florida Brevard County Court, 18th Judicial Circuit); *Tom v. J&E Machine Tech, Inc.*, Case No. 05-2022-CC-038110 (Florida Brevard County Court, 18th Judicial Circuit); *Tom v. Celero Commerce LLC*, Case No. 05-2021-CA-055732 (Florida Brevard Circuit Court, 18th Judicial Circuit). In addition, Forbes located numerous additional small claims TCPA actions by Tom in Brevard County, Florida that it has not listed here. There are likely more TCPA lawsuits filed by Tom that Forbes has not located.

information provided that ostensibly connected Forbes with the Unauthorized Calls. This conjectural allegation should be treated as even less substantive than an allegation based "on information and belief," which allegations "are not entitled to a presumption of truth," and "fail to meet the *Twombly* standard" unless they are supported by credible, non-speculative factual allegations. *United Am. Corp. v. Bitmain, Inc.*, 530 F. Supp. 3d 1241, 1261 n.21 (S.D. Fla. 2021); *see also Hilbrich v. Sandbox Grp.*, 2021 U.S. Dist. LEXIS 97477, *10 (S.D. Fla. Mar. 5, 2021) ("[A]llegations based 'upon information and belief' are not a substitute for establishing jurisdictional facts.") (citation omitted); *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 44 (1st Cir. 2012) ("'Information and belief' does not mean pure speculation."). Simply put, "for purposes of a Rule 12(b)(6) motion to dismiss, [Florida district courts] do not have to take as true allegations based merely 'upon information and belief.'" *See Smith v. City of Sumiton*, 578 F. App'x 933, 937 n.4 (11th Cir. 2014). This applies with even more force to Tom's wholly unsupported claims, which are even less reliable than those pled "on information and belief." Therefore, such purely speculative allegations cannot be used to oppose Forbes's motion.

Guesswork, speculation and assumption cannot substitute for well-pled facts in the face of a Rule 12(b)(6) motion to dismiss. *See Z.M.L. v. D.R. Horton, Inc.*, 2021 U.S. Dist. LEXIS 153298, at *15 (M.D. Fla. June 11, 2021) (dismissing

claim "as a matter of law" because "[s]peculation, guesswork, and assumptions do not rise to the necessary threshold of plausibility").Tom's complaint does nothing more than **_presume_** that Forbes and its agent were responsible for the earlier phone calls to the Unauthorized Numbers, but offers no actual substantive facts to support this inference. Based on this unsupported presumption, the remainder of the complaint alleges in wholly conclusory fashion that Forbes was the entity that placed the original automated phone calls. But "naked assertions devoid of … factual enhancement" are not enough to withstand a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Tom must connect Forbes to the Unauthorized Calls based on substantive and non-conclusory allegations to avoid dismissal of his claims, and he has not done so here. For example, in *Hinesely v. Ensurem II, LLC*, U.S. Dist. LEXIS 161861 (N.D. Fla. Sep. 11, 2023), the plaintiff alleged that the defendant had placed ten separate phone call to him in violation of the TCPA and FTSA "but the only call for which he alleged anything other than conclusory 'information and belief' to support that contention was the August 19 call." *Id.* at *3. For the remainder of the calls, the Northern District of Florida observed that "Plaintiff has not alleged any facts that plausibly tie Defendant to those calls or provide factual support for his conclusory '[u]pon information and belief' allegations that the

phone numbers from which those calls came 'belong to Defendant and/or Defendant's agent.'" *Id.* at *9.

Other than a single call supported by sufficient allegations of attribution, the Court in *Hinesely* dismissed the remainder of plaintiff's TCPA and FTSA claims, concluding that plaintiff did "not allege any facts from which it could be inferred that Defendant (or its agent) made those calls because the amended complaint does not provide any information about who made that call…." *Id.* Dismissal was required where the plaintiff had alleged "no facts (or even information and belief) to support his conclusory assertion that the phone numbers from which those calls came 'belong to Defendant,'" and therefore the plaintiff had "not stated … plausible TCPA [or FTSA] claim[s] against Defendant." *Id.*; *see also Bryant v. Udell & Assocs.*, 2023 U.S. Dist. LEXIS 140767, at *15 (E.D. Va. Aug. 11, 2023) (holding that liability under the TCPA and related state statutes "requires the plaintiff show that the defendant actually, physically initiated the telephone call at issue," and dismissing complaint where the plaintiff "adduced no facts to suggest that [defendant] initiated the telephone call outside of conclusory allegations" that were "devoid of supporting fact and detail" and were "inconclusive" as to the ultimate identity of the caller); *Smith v. Direct Bldg. Supplies, LLC*, 2021 U.S. Dist. LEXIS 193657, at *9 (E.D. Pa. Oct. 7, 2021) (dismissing TCPA claim where the plaintiff "failed to plausibly allege that the five calls in question came from" the

9

defendant, and compiling cases which "featured TCPA claims that were dismissed because of a failure to plead details sufficient to identify the caller"). The same outcome is required here.

## CONCLUSION

Based on the above arguments and authorities, Forbes respectfully requests that this Court dismiss Tom's complaint against it without prejudice based on Tom's failure to state a valid claim against Forbes under Rule 12(b)(6).


DATED:      June 21, 2024

                                        Respectfully submitted,

                                        *Forbes & York Insurance LLC d/b/a*
                                        *MedAdvantage Partners*,

                                        By its attorney,

                                        /s/ Todd Stone
                                        TODD STONE
                                        Florida Bar No. 947970
                                        THE STONE LAW GROUP
                                        101 N.E. Third Ave., Suite 1250
                                        Fort Lauderdale, FL 33301
                                        Telephone: (954) 804-9454
                                        Fax: (954) 333-3655
                                        tstone@tislaw.net


## CERTIFICATE OF SERVICE

I, Todd Stone, hereby certify that on June 21, 2024, I electronically filed and

served the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Todd Stone
TODD STONE
Florida Bar No. 947970