UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID TOM,

    Plaintiff,

v.                                        CASE NO. 8:24-cv-1320-SDM-SPF

FORBES & YORK INSURANCE LLC
and ASSURANCE PIVOT, LLC,

    Defendant.
_____/

## ORDER

The plaintiff sues (Doc. 1) and asserts against each defendant a claim under the Telephone Consumer Protection Act and a claim under Florida's Telephone Solicitation Act. Forbes & York Insurance LLC (doing business as MedAdvantage Partners) moves (Doc. 20) to dismiss the complaint for failure to state a claim and argues that the complaint fails to identify Forbes as the alleged wrongdoer. The plaintiff responds (Doc. 24) in opposition.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), states that Rule 8(a)(2), Federal Rules of Civil Procedure, "requires only" that the allegations "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *Twombly* explains that stating a claim "requires a complaint with enough factual matter (taken as true) to suggest" the occurrence of or the satisfaction of each element of the claim. 550

U.S. at 556. In other words, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Samford University*, 29 F.4th 675, 685 (11th. Cir. 2022).

The complaint alleges the following. On several occasions during March 2024 the plaintiff received a call from a "spoofed" caller ID. During each call, the callers stated that "they were calling from unrecognizable, generic names," and "attempted to sell health insurance" to the plaintiff. The callers never transferred the plaintiff to "an actual, licensed insurance agent because [the plaintiff's] numbers were on the Do Not Call Registry." To speak with someone that would reveal the identify of the caller, the plaintiff provided to the unidentified caller a number "not on the Do Not Call Registry." On March 14, 2024, after providing the number not on the registry, the plaintiff received a call from Assurance, and Assurance transferred the call to a MedAdvantage Partners' employee selling "Medicare Health Plans."

The complaint includes sufficient allegations to support a reasonable inference that the unidentified callers, who allegedly violated the TCPA and the FTSA, worked for the defendants. Upon providing a 321 number to the unidentified caller, the plaintiff received on the 321 line a call from the defendants, who attempted to sell the same product as the unidentified caller. The proximate calls about the same product suggest a common culprit. Forbes argues that the plaintiff's claim "depends entirely on connecting the Authorized Call to the automated calls placed earlier that month to two other phone numbers belong to Tom that were on the [registry]." The

allegations support this connection, and the *Twombly* pleading standard countenances a complaint that requires a plausible inference to implicate the defendant.

For the reasons stated above and for the reasons stated in the plaintiff's response, the motion (Doc. 20) is **DENIED**.

ORDERED in Tampa, Florida, on March 18, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE