UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID TOM, individually and on
behalf of all others similarly situated,

    *Plaintiff,*　　　　　　　　　　　　CASE NO.: 8:24-cv-01320-SDM-

v.

FORBES & YORK INSURANCE LLC
D/B/A MEDADVANTAGE PARTNERS
and THE ASSURANCE PIVOT, LLC
D/B/A SKYBRIDGE LEADS,

    *Defendants.*
_____/

## FORBES & YORK INSURANCE LLC's
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Forbes & York Insurance LLC d/b/a MedAdvantage Partners ("Forbes"), by and through the undersigned counsel, hereby answers the allegations in Plaintiff's, David Tom ("Plaintiff"), Class Action Complaint (the "Complaint") as set forth herein.

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Complaint, and Forbes denies all allegations, declarations, claims, or assertions in the Complaint that are not expressly admitted herein. To the extent any titles, headings, or subheadings are intended to be allegations directed to Defendants, they are denied unless expressly admitted herein.

1

## INTRODUCTION

1. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited statute speaks for itself and denies any characterization inconsistent with its text. Forbes denies the remaining allegations in this paragraph.

2. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited statute speaks for itself and denies any characterization inconsistent with its text. Forbes denies the remaining allegations in this paragraph.

3. Forbes admits that Plaintiff purports to bring this action against Defendants for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Forbes denies that it violated the TCPA or that Plaintiff is entitled to any relief. Forbes denies all remaining allegations in this paragraph.

4. Forbes admits only that Plaintiff purports to bring this action on behalf of a proposed nationwide class. Forbes denies that this case satisfies the requirements for class certification and further denies that Plaintiff is entitled to represent any class. Except as expressly admitted, Forbes denies the remaining allegations in this paragraph.

## PARTIES

5. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

6. Forbes admits that it is a Florida limited liability company that sells insurance. Forbes denies that it contracted with Defendant Assurance Pivot to generate illegal leads using calls to numbers on the National Do Not Call Registry. Forbes denies all remaining allegations in this paragraph.

7. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

## JURISDICTION AND VENUE

8. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that this Court has subject matter jurisdiction over allegations arising under federal law. Except as expressly admitted, Forbes denies the remaining allegations in this paragraph.

9. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes denies the allegations in this paragraph.

10. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes denies the allegations in this paragraph.

## FACTS

11. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that Congress enacted the TCPA in 1991 and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

12. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited statute speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

13. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited regulation speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

14. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited regulation speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

15. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited statute and regulation speak for themselves and denies any characterization inconsistent with their text. Forbes denies any remaining allegations in this paragraph.

16. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the Florida Telephone Solicitation Act ("FTSA") was amended on July 1, 2021, and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

17. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited statute speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

18. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited statute speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

19. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited statute speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

20. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

21. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding co-defendant Assurance and, on that basis, denies them. Otherwise, denied.

22. Forbes denies the allegations in this paragraph.

23. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

24. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

25. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

26. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

27. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

28. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

29. Forbes denies that it made any calls to Plaintiff's phone numbers in March 2024. Forbes lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

30. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

31. Forbes denies that it made any automated calls to Plaintiff. Forbes lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

32. Forbes denies the allegations in this paragraph.

33. Forbes denies that it made any such calls to Plaintiff. Forbes lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

34. Forbes denies the allegations in this paragraph.

35. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

36. Forbes lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

37. Forbes denies the allegations in this paragraph.

38. Forbes denies the allegations in this paragraph.

39. Forbes denies the allegations in this paragraph.

40. Forbes denies the allegations in this paragraph.

41. Forbes denies the allegations in this paragraph.

42. Forbes denies the allegations in this paragraph.

43. Forbes denies the allegations in this paragraph.

44. Forbes denies the allegations in this paragraph.

45. Forbes admits that Plaintiff, through counsel, contacted Forbes. Forbes denies the characterization of this contact and denies the remaining allegations in this paragraph.

46. Forbes denies the allegations in this paragraph.

47. Forbes denies the allegations in this paragraph.

48. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited FCC ruling speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

49. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited FCC ruling speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

50. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited FCC ruling speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

51. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited FCC ruling speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

52. Forbes denies the allegations in this paragraph.

53. Forbes denies the allegations in this paragraph.

54. Forbes denies the allegations in this paragraph.

55. Forbes denies the allegations in this paragraph.

56. Forbes denies the allegations in this paragraph.

57. Forbes denies the allegations in this paragraph.

58. Forbes denies the allegations in this paragraph.

59. Forbes denies the allegations in this paragraph.

60. Forbes denies the allegations in this paragraph.

61. Forbes denies the allegations in this paragraph.

62. Forbes denies the allegations in this paragraph.

63. Forbes denies the allegations in this paragraph.

64. Forbes denies the allegations in this paragraph.

65. Forbes denies the allegations in this paragraph.

66. Forbes denies the allegations in this paragraph.

67. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited FCC ruling speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

68. Forbes denies the allegations in this paragraph.

69. Forbes denies the allegations in this paragraph.

70. Forbes denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

71. Forbes admits that Plaintiff purports to bring this case on behalf of certain proposed classes as defined in the Complaint. Forbes denies that this case satisfies the requirements for class certification and further denies that Plaintiff is entitled to represent any class. Except as expressly admitted, Forbes denies the remaining allegations in this paragraph, including all subparts.

72. Forbes admits that Plaintiff purports to exclude certain persons from the proposed classes. Forbes denies that this case satisfies the requirements for class certification and further denies that Plaintiff is entitled to represent any class. Except as expressly admitted, Forbes denies the remaining allegations in this paragraph.

73. Forbes denies the allegations in this paragraph.

74. Forbes denies the allegations in this paragraph.

75. Forbes denies the allegations in this paragraph.

76. Forbes denies the allegations in this paragraph.

77. Forbes denies the allegations in this paragraph.

78. Forbes denies the allegations in this paragraph.

79. Forbes admits that Plaintiff purports to seek injunctive relief and money damages. Forbes denies that Plaintiff or any putative class member is entitled to such relief. Forbes denies any remaining allegations in this paragraph.

80. Forbes denies the allegations in this paragraph, including all subparts.

81. Forbes denies the allegations in this paragraph.

82. Forbes denies the allegations in this paragraph.

83. Forbes denies the allegations in this paragraph.

84. Forbes denies the allegations in this paragraph.

85. Forbes denies the allegations in this paragraph.

## FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

86. Forbes incorporates by reference its responses to paragraphs 1 through 85 as if fully set forth herein.

87. Forbes denies the allegations in this paragraph.

88. Forbes denies the allegations in this paragraph.

89. Forbes denies the allegations in this paragraph.

90. Forbes denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION
### Violation of the Florida Telephone Solicitation Act (Fla. Stat. 501.059)
### (On Behalf of Plaintiff and the Florida Telephone Solicitation Autodial Class)

91. Forbes incorporates by reference its responses to paragraphs 1 through 86 as if fully set forth herein.

92. Forbes admits that Plaintiff purports to bring this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendants. Forbes denies that this case satisfies the requirements for class certification and further denies that Plaintiff is entitled to represent any class. Except as expressly admitted, Forbes denies the remaining allegations in this paragraph.

93. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited statute speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

94. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Forbes admits only that the cited statute speaks for itself and denies any characterization inconsistent with its text. Forbes denies any remaining allegations in this paragraph.

95. Forbes denies the allegations in this paragraph.

96. Forbes denies the allegations in this paragraph.

97. Forbes denies the allegations in this paragraph.

11

98. Forbes denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Forbes denies that Plaintiff and the putative class are entitled to any of the relief sought in this Prayer for Relief, including subparts A through G.

## JURY DEMAND

Forbes acknowledges that Plaintiff has demanded a trial by jury. Forbes also demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Forbes asserts the following affirmative defenses without assuming any burden of proof or persuasion not otherwise legally assigned to it. Forbes reserves the right to amend its Answer to assert additional affirmative defenses as they become known through discovery or further investigation.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

The Complaint fails to state a claim upon which relief can be granted. Specifically, the Complaint fails to sufficiently allege that Forbes was responsible for the alleged violative phone calls that underpin both causes of action against it, as it fails to allege non-conclusory facts to affirmatively identify Forbes or any agent of Forbes as the entity placing the alleged violative phone calls in March of 2024. There is no direct connection alleged between the first group of unidentified callers and the single legal phone call claimed to have been made by Forbes through Assurance, an alleged third-party servicer of Forbes.

## SECOND AFFIRMATIVE DEFENSE
### (No Agency Relationship)

The Complaint fails to adequately allege an agency relationship between Forbes and any third party who may have placed the calls alleged in the Complaint. The allegations regarding Forbes' purported relationship with Assurance are conclusory and unsupported by sufficient factual allegations to establish an agency relationship.

## THIRD AFFIRMATIVE DEFENSE
### (Speculative and Conjectural Allegations)

The Complaint relies on speculative and conjectural allegations based on an unnamed "confidential third-party informant," without providing any factual details about the alleged informant's knowledge, reliability, or the specific information provided. Such allegations are insufficient to establish liability against Forbes.

## FOURTH AFFIRMATIVE DEFENSE
### (Prior Express Consent)

To the extent any calls were made by Forbes or on its behalf, which Forbes denies, the recipients who provided prior express consent to receive such calls, including by voluntarily providing their telephone numbers for the purpose of being contacted, are exempt from the TCPA's provisions.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Knowledge)

Forbes lacked knowledge of and did not authorize any third party to make telemarketing calls in violation of the TCPA or FTSA. Forbes specifically denies authorizing any calls to telephone numbers on the National Do Not Call Registry or automated calls without proper consent.

## SIXTH AFFIRMATIVE DEFENSE
### (Good Faith)

If any violations of the TCPA or FTSA occurred, which Forbes denies, Forbes acted in good faith and had reasonable procedures in place designed to ensure compliance with the TCPA, FTSA, and their implementing regulations.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Willful or Knowing Violation)

Any alleged violation of the TCPA or FTSA by Forbes, which Forbes denies, was not willful or knowing, and thus does not support an award of treble or enhanced damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (Established Business Relationship)

To the extent any calls were made by Forbes or on its behalf to Plaintiff or putative class members, which Forbes denies, such calls to recipients with established business relationships are exempt from the TCPA's provisions.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff and the putative class members have failed to take reasonable steps to mitigate their alleged damages, including by failing to utilize available methods to prevent future communications.

## TENTH AFFIRMATIVE DEFENSE
### (Due Process)

Application of the statutory damages provisions of the TCPA and FTSA in this case would result in damages that are excessive, disproportionate to any actual harm,

and violate Forbes' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Improper Class Action)

This action cannot properly be maintained as a class action because, among other reasons: (a) individual issues predominate over any common questions of law or fact; (b) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy; (c) the putative class is not ascertainable; (d) Plaintiff is not an adequate class representative; and (e) the proposed class definition is overbroad and includes individuals who have no claim against Forbes.

## TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Some or all of the claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant Forbes & York Insurance LLC d/b/a MedAdvantage Partners respectfully requests that this Court:

A. Dismiss the Complaint in its entirety, with prejudice;

B. Deny class certification;

C. Enter judgment in favor of Forbes and against Plaintiff;

D. Award Forbes its costs, disbursements, and reasonable attorneys' fees incurred in defending this action; and

E. Grant such other and further relief as the Court deems just and proper.

**JIMERSON BIRR, P.A.**

By: _____
Brandon C. Meadows
Florida Bar No. 114246
bmeadows@jimersonfirm.com
Ty D. Robare
Florida Bar No. 1054101
trobare@jimersonfirm.com
701 Riverside Park Pl.
Jacksonville, FL 32204
Telephone: (904) 389-0050
Facsimile: (904) 212-1269
dorothyo@jimersonfirm.com
fileclerk@jimersonfirm.com
*Attorneys for Forbes*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document was electronically filed with the U.S. District Court on this 1st day of April 2025 via CM/ECF and was served this day on all counsel and all parties entitled to notice on the Service List.

_____
Attorney

16